IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

DANIEL EZIEL RAY, JR.,

    Plaintiff,

vs.

HEATHER O'BRIEN, SERGEANT IRELAND, MAJOR WILSON, LINN COUNTY SHERIFF,

    Defendants.

No. C15-0123-LRR

INITIAL REVIEW ORDER

## I. INTRODUCTION

The matter before the court is the plaintiff's application to proceed in forma pauperis (docket no. 2). The clerk's office filed such application on November 9, 2015. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint under 42 U.S.C. § 1983 (docket no. 1-1). Additionally, the plaintiff submitted a supplement (docket no. 5), which the clerk's office filed on December 11, 2015.

## II. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915

The plaintiff did not submit the statutory filing fee. *See* 28 U.S.C. § 1914(a) (requiring filing fee). In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is

confined. 28 U.S.C. § 1915(a)(2). Based on the plaintiff's application and certificate of inmate account, it is clear that the plaintiff does not have sufficient funds to pay the required filing fee. Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915.

A prisoner bringing a civil action in forma pauperis is required to pay the full $350.00 filing fee. 28 U.S.C. § 1915(b)(1). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal.").

Concerning the computation of the initial partial filing fee, the plaintiff is required to submit 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on the record, the court finds that the plaintiff does not have sufficient funds to pay the initial partial filing. *Id*. Nonetheless, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect monthly payments and forward them to the court. Specifically,

> the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

2

28 U.S.C. § 1915(b)(2). Therefore, installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## III. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g.*, *Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

## IV. COMPLAINT

Currently confined at the Linn County Correctional Center in Cedar Rapids, Iowa, the plaintiff, proceeding pro se, submitted a complaint under 42 U.S.C. § 1983 to redress issues that are related to his confinement. Jurisdiction is predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears to be proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

The statement of claim portion of the complaint is as follows:

> I've been in LCCC since Jan. 18, 2015 and 5-19-15 inmate David Bowls, David Issbell made a fake claim on me that I exposed my genital to him and others on the unit. I was placed in single cell confinement and investigated by staff. 5-31-15, I was found not guilty on all charges that was placed on me. Lt. Steenblock #57-10 put me back in that unit . . . . T]here were no-contacts placed on me by these 2 inmates and there still no-contacts with them even though inmate David Issbell has got out of jail. On 11-2-15, I was removed from a block "J-block" because of no contact with inmate Kevin Adam. Inmate Kevin Adam removed himself from J-Block about 2-3 weeks prior to that and I didn't know he used my name to try and get to a "lay down in your bed block all day" until 11-2-15 when I was asked to pack up cause I was being moved. I was placed in a single cell on a block "G-block" with others that was doing time in the hole for disciplinary reason. I only get access to the phone in the mornings when I'm allowed out to shower, clean room, walk around, etc. Inmate Kevin Adam asked to be taken back out of this living condition and placed back on the block therefore having me placed in his current situation. It's not my fault that Kevin Adams placed his self in single cell and he's only been in jail maybe 3 months. Sergeant O'Brien allowed Kevin Adams to remove himself back out of single cell confinement and remove me off the unit to replace him when I was there way ahead of him. I've asked to speak with her and Major Wilson about her unfairness toward me only to be told to "deal with it." I wrote an in house grievance and kite to Sergeant Heather O'Brien and no response was given back from the kite but the grievance was returned with a received by: Deputy

4

> Tintal, fowarded to Sergeant/Lieutenant Ireland. Action taken: you are currently in overflow status due to numerous no contacts. When space becomes available you will be moved. Signature: Major Wilson Jail Administrator #576. I was told that I have 12 no-contacts on me but only 3 that's still here. All 3 have been shown favoritism over me in return given what they want and there's no-contacts with nothing showing that there was any problem. No video, no fighting. Since 1-18-15 only the incidents with inmate David Bowls, David Issbell. They're discriminating against me by letting these inmates use my name to get what they want and when I asked why is Kevin Adam allowed to remove himself then come back and have me removed after 2-3 weeks when I was there long before him my answer to me was to deal with it. I'm now locked down in a single cell because of the Linn County Deputy Sheriffs allowing these inmates to just without no supporting evidence to use my name to get what they want. As of now there's a new inmate Quartez Watson who was just allowed to do the same thing on me when now I'm not on the block and he moved in to protective custody because he wanted to lay down all day on a lay down block. This inmate got into an argument with medical staff and he was told the only way he was moving was to check into protective custody. This occurred on 10-31-15. The Linn County Sheriff has done no investigation into these inmates claims against me.

In his supplement, the plaintiff reiterates that he is dissatisfied with the decision to house him in a unit that has restrictions because of multiple no-contacts. As relief, the plaintiff states that he wants the court to: (1) stop the Linn County Sheriff from treating him unfairly, (2) allow him to investigate the false allegations of other inmates, (3) stop him from being punished for no reason and (4) move him back on the block because he was there before other inmates.

## V. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claim

The record establishes that the plaintiff disapproves of the being confined on a particular unit because other inmates have complained about him or requested that he have no contact with them and that the defendants have made housing decisions based on cell

availability and conflicts among inmates. The plaintiff's allegations do not indicate that the defendants deprived him of a constitutionally protected right. *See Van Zee v. Hanson*, 630 F.3d 1126, 1128 (8th Cir. 2011) ("To state a claim under § 1983, a plaintiff must allege (1) that the defendant acted under color of state law, and (2) that the alleged conduct deprived the plaintiff of a constitutionally protected federal right."). Indeed, the plaintiff does not allege facts that demonstrate he suffered a deprivation of liberty that implicates his right to due process. *See Sandin v. Conner*, 515 U.S. 472, 483-86 (1995) (explaining that, to state a due process claim, a prisoner must allege facts that establish the complained of restraint on liberty imposes "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life"). A prisoner has no constitutional right to a particular housing unit, *see Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993), and a demotion to segregation, even without cause, is not itself an atypical and significant hardship, *see Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Because the allegations against the defendants are insufficient to state a cause of action under 42 U.S.C. § 1983, it is appropriate to dismiss with prejudice the plaintiff's action.

## VI. CONCLUSION

In light of the foregoing, the plaintiff's complaint shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

1) The plaintiff's application to proceed in forma pauperis (docket no. 1) is granted. The institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(2) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(3) The plaintiff's 42 U.S.C. § 1983 action is dismissed pursuant to pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B).

(4) The dismissal of the instant action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

(5) The clerk's office is directed to enter judgment in favor of the defendants.

**DATED** this 28th day of December, 2015.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO:  WARDEN/ADMINISTRATOR
Linn County Correctional Center, Cedar Rapids, Iowa

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Daniel Eziel Ray, Jr., #1096669, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Ray v. O'Brien et al.*, Case No. C15-0123-LRR.  The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee.  Based on the inmate's account information, the court has not assessed an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Nonetheless,

> the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account.  The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).  Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.  Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

_K Jorgensen_  Deputy Clerk
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa